UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
CLEARVIEW CAPITAL, LLC,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　: Case No.
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　　　: **JURY TRIAL DEMANDED**
　　　　　　　　　　　　　　　　　　　　　　:
CLEAR VIEW GROUP LLC,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------X

## COMPLAINT

Plaintiff Clearview Capital, LLC, by and through its attorneys, Loeb & Loeb LLP, for its complaint against Clear View Group LLC, alleges as follows:

## NATURE OF THE ACTION

1.　　This is a civil action at law and in equity for counterfeiting, trademark infringement, unfair competition, and unfair and deceptive acts and practices in the conduct of commerce under the federal Lanham Act, 15 U.S.C. §§ 1051 et seq., the Connecticut Unfair Trade Practices Act, ch. 735a, §§ 42-110a et seq. of the Connecticut General Statutes, and the common law.

## THE PARTIES

2.　　Plaintiff, Clearview Capital, LLC ("Clearview"), is a Delaware limited liability company with a principal place of business located at 1445 East Putnam Avenue, Old Greenwich, Connecticut, 06870.[1]

---

[1] Effective July 18, 2016, Clearview's principal place of business will be located at 1010 Washington Blvd., Stamford, Connecticut, 06901.

3. Upon information and belief, Defendant, Clear View Group LLC ("Defendant"), is a Texas limited liability company with a principal place of business located at 1700 Post Oak Boulevard, Suite 600, Houston, Texas, 77056.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute under section 39 of the federal Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367. Clearview's state law claims arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court also has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and Clearview is a resident of the state of Connecticut, and upon information and belief, Defendant is a resident of the state of Texas.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business within the District, solicits business within this District, and has carried out the acts complained of both inside and outside this District, causing injury to property within this District.

7. Venue is appropriate in this District because a substantial part of the events giving rise to the claim was directed at this District, causing injury to property within this District, and because Defendant is a resident of this District pursuant to 28 U.S.C. § 1391(c)(2).

## ALLEGATIONS RELEVANT TO ALL CLAIMS

**CLEARVIEW CAPITAL AND ITS CLEARVIEW MARK**

8. Since 1999, Clearview has used the service mark CLEARVIEW (the "CLEARVIEW Mark") in connection with its business as a private investment firm specializing in the acquisition and recapitalization of mid-sized North American companies.

9. Since 1999, Clearview has made continuous use of the CLEARVIEW Mark in the United States, including in this District.

10. Since 1999, Clearview has devoted a great deal of time, money and resources to build its business and goodwill using the CLEARVIEW Mark. As a result of Clearview's extensive and continuous use of the CLEARVIEW Mark, and through the mark's distinctiveness and favorable public acceptance and recognition, consumers throughout the United States, including in this District, associate the CLEARVIEW Mark with Clearview.

11. Clearview owns federal trademark registrations for the CLEARVIEW Mark for "merger and acquisition consultation," and "financial services, namely, private investment services in the nature of acquisition, recapitalization and disposition of companies and businesses in North America," Reg. Nos. 3,364,247; 3,364,248; and 4,898,416. Attached hereto as Exhibit A are true and correct copies of the trademark registration certificates for the registration of the above-referenced CLEARVIEW Mark, as issued by the United States Patent and Trademark Office. Clearview is the exclusive owner of all right, title and interest to the CLEARVIEW Mark, and all of the related business and goodwill throughout the United States.

12. In each registration owned by Clearview, the word "capital" is disclaimed, leaving CLEARVIEW as the distinctive part of the mark.

13. Registration Nos. 3,364,247; 3,364,248; and 4,898,416 are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

14. Registration Nos. 3,364,247; 3,364,248; and 4,898,416 are valid, subsisting, and in full force under 15 U.S.C. § 1065, and together with Clearview's extensive common law rights, constitute valuable assets owned by Clearview.

15. Defendant had constructive notice of Clearview's rights in its federally registered trademark and service mark under 15 U.S.C. § 1072.

**DEFENDANT'S USE OF CLEAR VIEW FOR IDENTICAL SERVICES**

16. Upon information and belief, Defendant is an investment group that specializes in private equity acquisitions of U.S. based, middle market companies.

17. Upon information and belief, Defendant began using CLEAR VIEW as a service mark in August 2015 in connection with the marketing of its financial services, including private equity acquisitions of middle market U.S. companies.

18. At that time, as a result of Clearview's extensive and continuous use of the CLEARVIEW Mark, and through the mark's distinctiveness and favorable public acceptance and recognition, consumers throughout the United States, including in this District, associated the CLEARVIEW Mark with Clearview.

19. Upon information and belief, Defendant's private equity acquisition and other financial services are advertised on the Internet and available to consumers in this District, specifically through the URL http://clearviewgroupllc.com.

20. Upon information and belief, Defendant is using the CLEAR VIEW mark in connection with the marketing of its financial services, including private equity acquisitions of U.S. companies, which services are the same as, and/or closely related to the services that

4

Clearview offers under its CLEARVIEW Mark. Thus, Defendant's use of the CLEAR VIEW mark is likely to deceive, confuse, and otherwise lead consumers into believing that Defendant is Clearview, or a business that is affiliated with, sponsored by, or otherwise connected to, Clearview.

21. Defendant's activities have inflicted and will continue to inflict irreparable harm to the goodwill symbolized by the CLEARVIEW Mark and to the reputation that Clearview has established in the industry. Defendant's activities have created, and are creating, a substantial likelihood of confusion as to the origin, sponsorship, approval and quality of the services Clearview provides and have infringed upon Clearview's rights in its CLEARVIEW Mark.

22. Upon information and belief, Defendant has actual knowledge of Clearview's prior rights in, and use of, the CLEARVIEW Mark for merger and acquisition consultation, and financial services, namely, private investment services in the nature of acquisition, recapitalization and disposition of companies and businesses in North America.

23. In June 2016, Clearview's counsel wrote to Defendant detailing Clearview's rights in the CLEARVIEW Mark, and demanding that Defendant immediately cease and desist from using the mark CLEAR VIEW in conducting its business and in advertising and marketing its business. Defendant did not respond, and continues to make unauthorized use of the CLEAR VIEW mark.

## FIRST CLAIM FOR RELIEF

### (Federal and Common Law Counterfeiting)

24. Clearview repeats and re-alleges the allegations of paragraphs 1 through 23, as if fully set forth herein.

25. Defendant has used in commerce the CLEAR VIEW mark, a mark that is identical to, or substantially indistinguishable from, the CLEARVIEW Mark. Defendant's use of CLEAR VIEW in association with financial services, including private equity acquisitions of U.S. based companies, constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114 and the common law.

26. The imitation, copying, and unauthorized use of the CLEARVIEW Mark causes irreparable injury to Clearview, including injury to its business reputation and the goodwill associated with the CLEARVIEW Mark.

27. Clearview has no adequate remedy at law for these injuries. Moreover, unless Defendant is restrained by this Court from continuing this imitation, copying and unauthorized use of the CLEARVIEW Mark, these injuries will continue to occur. Clearview is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents, employees, and all persons acting in concert with it, from engaging in such further acts in violation of 15 U.S.C. § 1116.

28. Clearview is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's imitation, copying and unauthorized use as alleged above. Clearview, is at present, unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts.

29. By reason of Defendant's acts, and pursuant to 15 U.S.C. § 1117, Clearview is entitled Defendants' profits, Clearview's costs of suit, Clearview's reasonable attorneys' fees, and, Clearview's actual damages and the trebling of those damages or of Defendants' profits, or to statutory damages at its election.

## SECOND CLAIM FOR RELIEF

## (Federal Trademark Infringement)

30. Clearview repeats and re-alleges the allegations of paragraphs 1 through 23, as if fully set forth herein.

31. Defendant's imitation, copying, and unauthorized use in commerce of CLEAR VIEW in connection with directly competing and/or related services of Clearview's infringes Clearview's CLEARVIEW Mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Defendant's use of the CLEAR VIEW mark in connection with the activities alleged above, is causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendant's services relative to the products and services of Clearview.

33. Defendant's actions demonstrate an intentional, willful, and bad faith intent to trade on the goodwill associated with Clearview's CLEARVIEW Mark.

34. Because of Defendant's unlawful actions, Clearview has suffered and continues to suffer irreparable harm, including, but not limited to, detriment to and diminution in value of its CLEARVIEW Mark, for which there is no adequate remedy at law. Moreover, unless Defendant is restrained by this Court from continuing this imitation, copying and unauthorized use of the CLEARVIEW Mark, these injuries will continue to occur. Clearview is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents, employees, and all persons acting in concert with it, from engaging in such further acts in violation of 15 U.S.C. § 1116.

35. Clearview is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's imitation, copying and unauthorized use as alleged above. Clearview, is at present, unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts.

36. By reason of Defendant's acts, and pursuant to 15 U.S.C. § 1117, Clearview is entitled to Defendants' profits, Clearview's costs of suit, and Clearview's actual damages and the trebling of those damages.

37. Because Defendant's actions were intentional, willful and fraudulent, making this an exceptional case, pursuant to 15 U.S.C. § 1117, Clearview is entitled to an award of reasonable attorneys' fees against Defendant.

### THIRD CLAIM FOR RELIEF

### (Federal Unfair Competition)

38. Clearview repeats and re-alleges the allegations of paragraphs 1 through 10 and 16 through 23, as if fully set forth herein.

39. Defendant's use of the CLEAR VIEW mark is causing and is likely to cause confusion or to cause mistake, or to deceive the consuming public into believing the false and misleading impression that Defendant's services are affiliated, connected, or associated with Clearview, or have the sponsorship, approval, authorization, or endorsement of Clearview.

40. Defendant has made and is making false representations, false descriptions, and false designations of origin of Defendant's services in violation of 15 U.S.C. § 1125(a) that are causing and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of members of the consuming public and to injure Clearview's goodwill and

reputation as symbolized by its CLEARVIEW Mark, for which Clearview has no adequate remedy at law.

41. Upon information and belief, Defendant acted with full knowledge of Clearview's use of, and statutory and common law rights to, the CLEARVIEW Mark and without regard to the likelihood of confusion of the public created by those activities.

42. Defendant's actions demonstrate an intentional, willful and bad faith intent to trade on the goodwill associated with Clearview's CLEARVIEW Mark to the great and irreparable injury of Clearview.

43. Defendant is causing, and is likely to cause, substantial and irreparable injury to the public and to Clearview, and pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117, Clearview is entitled to injunctive relief, and to recover from Defendant, Defendant's profits, Clearview's actual damages, costs of suit, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

**(Unfair Trade Practices Pursuant to Conn. Gen. Stat. § 42-110a, et seq.)**

44. Clearview repeats and re-alleges the allegations of paragraphs 1 through 23, as if fully set forth herein.

45. Defendant has engaged in unfair methods of competition and unfair and deceptive trade practices within the meaning of the Connecticut Unfair Trade Practices Act, ch. 735a, Conn. Gen. Stat. §§ 42-110a et seq. by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendant or its services with Clearview and Clearview's goods and services; and using deceptive representations or designations of origin in connection with Defendant's services.

46. Defendant's actions demonstrate an intentional, willful and bad faith intent to trade on the goodwill associated with Clearview's CLEARVIEW Mark to the great and irreparable injury of Clearview.

47. Defendant is causing, and is likely to cause, substantial and irreparable injury to the public and to Clearview, and Clearview is entitled to injunctive relief, and to recover from Defendant, Clearview's actual damages, punitive damages, and costs and reasonable attorneys' fees pursuant to Conn. Gen. Stat. §42-110g.

## FIFTH CLAIM FOR RELIEF

### (Common Law Infringement and Unfair Competition)

48. Clearview repeats and re-alleges the allegations of paragraphs 1 through 23, as if fully set forth herein.

49. Defendant has engaged in common law trademark infringement and unfair competition, which have created and will continue to create a likelihood of confusion such that an ordinary person acting with reasonable care and observation would be likely to mistake Defendant's services for those of Clearview's. Defendant's aforesaid activities constitute infringement of the CLEARVIEW Mark and unfair competition under the common law of the State of Connecticut and other states.

50. Defendant's actions demonstrate an intentional, willful and bad faith intent to trade on the goodwill associated with Clearview's CLEARVIEW Mark to the great and irreparable injury of Clearview.

51. Defendant is causing, and is likely to cause, substantial and irreparable injury to the public and to Clearview. Clearview has been damaged in an amount not yet determined or

ascertainable. At a minimum, however, Clearview is entitled to injunctive relief, an accounting of Defendant's profits, and an award of damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Clearview respectfully requests that this Court:

1. Enter judgment that Defendant has violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; Conn. Gen. Stat. §§ 42-110a et seq., and the common law, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a preliminary and permanent injunction enjoining and restraining Defendant and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from:

   a. Using the marks CLEAR VIEW, CLEARVIEW, or any copy, reproduction, colorable imitation, or simulation thereof in connection with Defendant's services;

   b. Using any trademark, service mark, name, logo or source designation of any kind in connection with financial service, including private equity acquisitions, that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the trademarks, service marks, names, or logos, of Clearview, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's services are those of Clearview, or are sponsored by or in any way related to Clearview;

   c. Passing off, palming off, or assisting in passing off or palming off, Defendant's services as those of Clearview, or otherwise continuing any and all acts of infringement, unfair competition, and deceptive trade practices as alleged in this Complaint;

   d. From continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; and

   e. From causing, engaging in or permitting others to do any of the aforesaid acts.

3. Require Defendant to immediately recall from all distribution channels all advertising and promotional materials bearing the CLEAR VIEW mark, and/or otherwise infringing on the CLEARVIEW Mark;

4. Require Defendant to immediately deliver to Clearview for destruction all products, advertising, and promotional materials bearing the CLEAR VIEW mark, and/or otherwise infringing on the CLEARVIEW Mark, including all content located at URL http://clearviewgroupllc.com, pursuant to 15 U.S.C. § 1118;

5. Require Defendant to immediately cease operating the website located at URL http://clearviewgroupllc.com, and any other website owned and/or operated by Defendant or any of its affiliates, including any social media platforms owned or operated by Defendant or any of its affiliates, which bears the CLEAR VIEW mark and/or otherwise infringes on the CLEARVIEW Mark;

6. Require Defendant to transfer ownership of the domain name http://clearviewgroupllc.com to Clearview;

7. Order Defendant to account to Clearview for all profits wrongfully derived by its unlawful conduct and to pay to Clearview:

   a. all actual monetary and/or statutory damages sustained and to be sustained by Clearview as a consequence of Defendant's unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

   b. all profits, gains, and advantages obtained by Defendant from its unlawful conduct;

   c. exemplary damages, including treble damages resulting from Defendant's unlawful conduct;

   d. pre-judgment interest on all damages; and

   e. Clearview's costs and disbursements in this action, including its reasonable attorneys' fees;

8. Direct that Defendant file with this Court and serve on counsel for Clearview within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction; and

9. Order any such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Clearview Capital, LLC respectfully demands a trial by jury of all issues so triable by a jury.

Date: July 12, 2016

    Respectfully submitted,

    LOEB & LOEB LLP

    By: _/s/ Paula K. Colbath_
        Paula K. Colbath
        C. Linna Chen (*pro hac vice pending*)
        345 Park Avenue
        New York, New York 10154
        Tel: 212-407-4000
        Fax: 212-407-4990

        Douglas N. Masters (*pro hac vice pending*)
        321 N. Clark Street
        Chicago, IL 60654
        Tel: 312-464-3100
        Fax: 312-464-3111

        *Attorneys for Plaintiff Clearview Capital, LLC*